Stover v. Wood.

On bill for divorce, for desertion. On final hearing, on bill, master's report and proofs.

---

STOVER and others *vs.* WOOD and others.

1. It is sufficient excuse for laches in not applying for leave to amend an original bill to bring into court a necessary party, till the hearing upon bill, answers, and supplemental bill filed for the purpose of bringing in all parties then thought necessary, that counsel supposed no amendment was necessary ; and the court will not, as of course, dismiss such original bill, but may permit the complainant to proceed thereon.

2. Evidence of fraud taken under an original bill, is inadmissible as to defendants brought in by supplemental bill only charging them with a knowledge of the pendency of the original suit.

3. Where the case made by the supplemental bill cannot stand as against defendants thereby made parties, without the evidence under the original bill, which is inadmissible as to them, and no advantage can accrue to complainants from the supplemental bill, the new defendant will not be required to answer it, but the bill will be dismissed.

On motion to dismiss original and supplemental bills.

*Mr. J. Vannata* and *Mr. J. Wilson*, for the motion.

*Mr. J. N. Voorhees* and *Mr. A. V. Van Fleet*, contra.

THE CHANCELLOR.

Henry S. Stover, now deceased, on the 18th of December, 1867, filed his bill of complaint in this court against Freeman Wood, William J. Wood and Salome M. Long, for relief in respect to certain mortgages, one for $5250, and the other for $2600, besides interest. The complainant alleged that he had been induced, by the fraudulent representations of Freeman Wood, to accept from the latter, in exchange for these mortgages, certain railroad bonds which were, in fact, worthless, and were known by Freeman Wood, at the time of the representations above referred to, to be so, but which the latter falsely represented to the complainant to be of value, equal at least, to the amount due on the mortgages. According to the statement of the bill, the exchange was made on the 28th of September, 1867, and at that time, and at the time of the negotiations for the exchange, there existed an agreement between the widow and children of James M. Long, deceased, and Freeman Wood, for the purchase, by Wood, from them, of the premises described in the mortgages. On or about the 4th of October, 1867, the mortgaged premises were conveyed, according to the agreement, to William J. Wood, son of Freeman Wood, by deed dated September 28th, 1867. At the time of the delivery of the deed, Freeman Wood caused

the mortgages to be cancelled of record. The bill alleged that William J. Wood held the title to the land merely in trust for his father. It prayed that the cancellation of the mortgages might be declared void, and that Freeman Wood and William J. Wood might be decreed to pay to the complainant, on the return of the railroad bonds to them, the amount of the principal and interest of the mortgages, and that that amount might be decreed to be a lien upon the land. Mrs. Long was made a party defendant, in respect of a mortgage which had been given to her by William J. Wood, on account of the purchase money of the land. Freeman Wood and William J. Wood filed their answer on the 10th of April, 1868, denying the allegations of fraud in the bill, and alleging that William J. Wood held the title to the land at the time of filing the answer, not for his father, but to his own use. Replication having been filed, the parties proceeded to take testimony in the cause. The cross-examination of Freeman Wood, as a witness for the defendants, disclosed the fact that William J. Wood had conveyed the land to his mother, by deed dated November 26th, 1867. So that the statement in the answer, that William J. Wood, at the filing of the answer, held the title to the land, was untrue. During the examination of witnesses in the cause, the complainant died, and the suit was revived in the name of his administrators. The evidence having been closed, the cause was put on the list for hearing. Before it was called, the complainants applied for leave to file an original bill in the nature of a supplemental bill, to bring into court certain persons who are interested in the land under a conveyance by Freeman Wood and his wife, dated April 1st, 1870, and recorded on the 26th of July, in that year. The deed from William J. Wood to his mother, appears to have been recorded on the 27th of the last mentioned month. Leave was given to file the bill, and it was filed accordingly. Motion is now made to vacate the order for leave, as having been improvidently granted, and to dismiss that bill, and also to dismiss the original bill for default in bringing on the hearing. The

supplemental bill prays an answer, without oath, to the matters therein set forth, and for the relief sought by the original bill.

The complainants' counsel give as the reason why an application to amend was not made when the fact of the conveyance to Mrs. Wood was disclosed, that they then supposed, and continued to do so down to the time when they were preparing to argue the cause on the hearing, that no amendment was necessary. It is insisted, on the argument of this motion by the defendants' counsel, that no amendment is necessary to accomplish the purpose which the supplemental bill is designed to answer. Under the circumstances, the excuse presented for the apparent laches would be sufficient. The case presents a far more formidable objection than that. The testimony in the principal cause was long since closed. The evidence taken under the supplemental bill must be confined to the issue there made. As to the new defendants, the statements of that bill charge them only with knowledge of the pendency of the original suit when they acquired their title to the land. The evidence in the original suit will be all the evidence of fraud which can be offered in the cause as against them. But that will be inadmissible as against them. They have had no opportunity to cross-examine the complainants' witnesses on that score, nor to produce any testimony in opposition thereto. The case on the supplemental bill cannot stand as against them, without the evidence taken under the original bill. I see no advantage to accrue to the complainants from the supplemental bill. There would therefore be injustice in requiring the new defendants to answer the supplemental bill. There is a difference between an amendment to make merely formal parties, and such an amendment as is sought to be made in this case. Says Gilbert (*Forum Romanum* 156): "Where the party which is wanting becomes a substantial and necessary party, and where he may controvert the plaintiff's very right to the demand in question, and where he may deny it in his answer, and put the plaintiff and the other defendants who have answered, to

undergo a fresh examination of witnesses; for nobody will say that the examination, taken before the coming in of this new defendant's answer, shall either blind or affect his particular case; and where the plaintiff must reply to this new defendant's answer, and where both parties must examine all over again, and where the cause must also be set down *de novo* as against this new defendant; it is not conceived of what effect it can be to the plaintiff to have his cause stand over, or where he is to find his account in the event of such a proceeding. And it seems, in his case, to be more just that the bill ought to stand dismissed, with costs, and that the defendants, who are unnecessarily brought in, should at least have their costs for this vexation; and that the plaintiff ought to be at liberty to bring a new bill and make proper parties, as he shall be advised."

The order complained of will be vacated, and the supplemental bill dismissed, with costs. I shall not now dismiss the original bill. The complainants' counsel may deem it proper to proceed to a decree thereon. If so, they must bring their cause to a hearing at the present term of court. In default thereof, the bill will be dismissed.